



RECEIVED

JKS

12/4/2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Diahann Grasty, | Case No: |
| Plaintiff | Judge:<br>Magistrate Judge: |
| v. | 42 U.S.C. §§ 1983 and 1985, Fed. R. Civ. P.<br>60(d)(3), and other federal statutes. |
| | **1:25-cv-14776**<br>**Judge Georgia N. Alexakis**<br>**Magistrate Judge Beth W. Jantz**<br>**RANDOM/Cat 2** |
| United States, Group Fox Inc., as agent<br>American Heritage Investment LLP, Sanford<br>& Kahn Law Firm | JURY DEMAND |
| Defendants | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

UNDER 42 U.S.C. §§ 1983, 1985, 1988; FED. R. CIV. P. 60(d)(3); AND RELATED

FEDERAL STATUTES

## I. INTRODUCTION

Plaintiff brings this civil action to redress the unlawful deprivation of her constitutional and

statutory rights, including due process, equal protection, and the right to trial by jury.

Defendants, acting under color of state law, engaged in fraud, misrepresentation, and malicious

judicial conduct, including denial of a jury trial and improperly citing lack of jurisdiction as a

pretext to dismiss valid filings and claims.

Despite timely and proper filings, Plaintiff was unlawfully evicted; her property discarded, and her vehicle towed, all while fraudulent judgments were entered under an unknown name. Defendants' actions violated the First, Fifth, Seventh, and Fourteenth Amendments, 42 U.S.C. §§ 1983 and 1985, Fed. R. Civ. P. 60(d)(3), and other federal statutes.

## II. JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States.

2. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred within Cook County, Illinois.

3. Defendants' citation of "lack of jurisdiction" was misapplied and pretextual, constituting judicial misconduct and deprivation of Plaintiff's statutory and constitutional rights.

## III. PARTIES

1. Plaintiff Diahann Grasty is a resident of Chicago, Illinois. She files this complaint pro se and in forma pauperis under 28 U.S.C. § 1915.

2. Defendant Judge Martin Agran, acting under color of state law, denied Plaintiff a jury trial, improperly cited lack of jurisdiction, and permitted fraudulent documents to influence case outcomes.

3. Defendant James P Pieczonka; acting under color of state law, denied Plaintiff a jury trial, improperly cited lack of jurisdiction, and permitted fraudulent documents to influence case outcomes.

4. Defendant Judge Sanjay T. Taylor; acting under color of state law, denied Plaintiff a jury trial, improperly cited lack of jurisdiction, and permitted fraudulent documents to influence case outcomes.

5. Defendant Judge Michael B. Hyman; acting under color of state law, denied Plaintiff a jury trial, improperly cited lack of jurisdiction, and permitted fraudulent documents to influence case outcomes.

6. Defendant Judge Carl A. Walker; acting under color of state law, denied Plaintiff for a jury trial, improperly cited lack of jurisdiction, and permitted fraudulent documents to influence case outcomes.

7. Defendant Sanford & Kahn Law Firm, LLP, engaged in fraudulent misrepresentation and obstruction of justice.

8. Defendant Clerks office; acting under the color of state law, engaged in fraudulent misrepresentation and obstruction of justice.

## IV. FACTUAL BACKGROUND

1. Plaintiff timely filed pleadings and a jury demand in compliance with 735 ILCS 5/2-1105 and Fed. R. Civ. P. 38.

2. Defendants repeatedly denied the right to a jury trial, citing "lack of jurisdiction" without merit, which is pretextual and violates the Seventh Amendment and federal law.

3. Defendants obtained an unlawful judgment under an unknown name, damaging Plaintiff's credit and reputation.

4. Plaintiff was forcibly evicted from her property; her personal belongings were discarded, and her vehicle was wrongfully towed, constituting deprivation of property under the Fifth and Fourteenth Amendments.

5. These actions were taken maliciously and in concert, with intent to obstruct justice, deny access to judicial remedies, and prevent fair hearing.

6. The misconduct continued through appellate proceedings, where the case was prematurely closed despite Plaintiff's timely requests for judicial review.

7. These acts constitute fraud upon the court (Fed. R. Civ. P. 60(d)(3)), conspiracy to deprive civil rights (42 U.S.C. § 1985(2)-(3)), and malicious abuse of process (28 U.S.C. § 1927).

## V. CAUSES OF ACTION

**Count I – Denial of Due Process and Equal Protection** (42 U.S.C. § 1983; U.S. Const. Amends. V & XIV) Defendants, acting under color of law, deprived Plaintiff of her right to a fair hearing, notice, and equal treatment.

**Count II – Denial of Jury Trial / Violation of Seventh Amendment** (Fed. R. Civ. P. 38; U.S. Const. Amend. VII) Defendants refused a timely jury demand and misapplied "lack of jurisdiction" as a pretext to deny Plaintiff the right to have claims heard by a jury.

**Count III – Conspiracy to Interfere with Civil Rights** (42 U.S.C. § 1985(2)-(3))

Defendants conspired to obstruct justice and prevent Plaintiff from exercising her constitutional rights.

**Count IV – Fraud and Misrepresentation** (18 U.S.C. §§ 1001, 1341; Common Law Fraud)

Defendants knowingly submitted false or misleading documents to the court, causing unlawful judgments and property deprivation.

**Count V – Fraud Upon the Court** (Fed. R. Civ. P. 60(d)(3))

Defendants corrupted the judicial process to deny Plaintiff her rights and manipulate outcomes.

**Count VI – Malicious Prosecution and Abuse of Process** (28 U.S.C. § 1927; Common Law)

Defendants maliciously and without cause used court proceedings to harass and injure Plaintiff, increasing costs and denying justice.

## VI. INJURY AND DAMAGES

Plaintiff was injured as follows:

- Unlawful judgment entered under an unknown name, damaging credit and financial reputation

- Denial of her timely jury trial

- Forced eviction from property, with personal belongings discarded

- Vehicle wrongfully towed

- Emotional distress, humiliation, and mental anguish

- Economic loss due to fraudulent judgment and interference with housing and credit

Plaintiff seeks $15,000,000 in compensatory and punitive damages, injunctive relief, and restoration of property and legal rights.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Enter judgment in her favor against all Defendants

2. Award $15,000,000 in compensatory and punitive damages

3. Declare all fraudulent judgments void

4. Issue an injunction restoring Plaintiff's property and legal rights

5. Order investigation and sanctions for judicial misconduct

6. Award attorney's fees under 42 U.S.C. § 1988

7. Grant any additional relief deemed just and proper

## VIII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

/s/ Diahann Grasty

Diahann Grasty, Pro Se Plaintiff
1032 W Montrose Ave, Apt 417s
Chicago, IL 60613
Upsymmetry@gmail.com
224-478-0953

Date: November 13, 2025



**Exhibits (To be filed)**

- Exhibit A: State Court Orders and Filings
- Exhibit B: Appellate Mandate (Oct. 29, 2025)
- Exhibit C: Timely Jury Demand
- Exhibit D: Eviction, Property Disposal, and Vehicle Towing Evidence

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Diahann Grasty _____ ) | |
| _____, ) | |
| **Plaintiff(s),** ) | |
| ) | |
| **vs.** ) | **Case No.** |
| ) | |
| United States, Group Fox Inc., agent American ) | |
| Heritage Investment LLP, Sanford & Kahn Law Firm LLP ) | |
| _____, ) | |
| **Defendant(s).** ) | |

**COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS**

*This form complaint is designed to help you, as a* **pro se** *plaintiff, state your case in a clear manner.  Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you.  You may cross out paragraphs that do not apply to you.  All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1.      This is a claim for violation of plaintiff's civil rights as protected by the Constitution and

laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2.      The court has jurisdiction under 28 U.S.C.  §§ 1343 and 1367.

3.      Plaintiff's full name is   Diahann Grasty                                           .

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

4.      Defendant, __Judge Martin C. Agran_____, is
                              (name, badge number if known)

☐ an officer or official employed by __Rolling Meadows Court, a state court judge__ ;
                                                   (department or agency of government)
_____or

☐ an individual not employed by a governmental entity.

***If there are additional defendants, fill in the above information as to the first-named
defendant and complete the information for each additional defendant on an extra sheet.***

5.      The municipality, township or county under whose authority defendant officer or official

acted is____Rolling Meadows Third Circuit Court_____. As to plaintiff's federal

constitutional claims, the municipality, township or county is a defendant only if

custom or policy allegations are made at paragraph 7 below.

6.      On or about__December 17, 2024__, at approximately __9:00_____ ☒ a.m. ☐ p.m.
                          (month,day, year)
        plaintiff was present in the municipality (or unincorporated area) of __Rolling Meadows__

__Illinois_____ , in the County of _____Cook_____ ,

State of Illinois, at __2121 Euclid Ave, Rolling Meadows, IL 60008_____ ,
                              (identify location as precisely as possible)

when defendant violated plaintiff's civil rights as follows ***(Place X in each box that
applies)***:

☐       arrested or seized plaintiff without probable cause to believe that plaintiff had
        committed, was committing or was about to commit a crime;
☐       searched plaintiff or his property without a warrant and without reasonable cause;
☐       used excessive force upon plaintiff;
☒       failed to intervene to protect plaintiff from violation of plaintiff's civil rights by
        one or more other defendants;
☐       failed to provide plaintiff with needed medical care;
☒       conspired together to violate one or more of plaintiff's civil rights;
☐       Other:
        _____

        _____

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____.

7.      Defendant officer or official acted pursuant to a custom or policy of defendant

municipality,  county or township, which custom or policy is the following: (*Leave blank*

*if no custom or policy is alleged*):_____

Count I: Deprivation of Due Process,  42 U.S.C. sec 1983

Count II: Equal Protection Violation  Count III: Conspiracy to Interfere with

Civil Rights 42 U.S.C. sec 1985 Count IV-Fraud on the Court/Judicial Misconduct.

8.      Plaintiff was charged with one or more crimes, specifically:

NA

9.      (*Place an X in the box that applies.  If none applies, you may describe the criminal*
*proceedings under "Other"*)  The criminal proceedings

☐   are still pending.

☐   were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

☒   Plaintiff was found guilty of one or more charges because defendant deprived me of a

fair trial as follows   Deprivation of Due Process,  42 U.S.C. sec 1983

Jury Trial 7th Amendment FRCP 38(b), 39(a),                                         .

☐ Other:   Malicioua Intent/Abuse of Process 42 U.S.C. sec sec 1985(2)-(3)    .
FRCP 60(b)(3), 60(d)(3). Hazel-Atlas Glass, 322 U.S. 238.

[1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent
may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the
conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

10. Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims.  To the extent possible, be specific as to your own actions and the actions of each defendant.*)

1. Plaintiff filed lawful pleadings and a jury demand that was timely and properly submitted under 735 ILCS 5/2-1105 and Fed. R. Civ. P. 38.

2. Despite this, Defendants and state court actors dismissed and ignored filings under false pretenses of "untimeliness," contrary to established case law that substance and merit take precedence over procedural defects when constitutional rights are at stake.

3. Defendants, through fraudulent misrepresentation, presented false and misleading documents to the state court, constitutiing fraud upon the court under Fed. R. Civ. P 60(d)(3) and Haze-Atlas Glass Co. v Hartford-Emire Co., 322 U.S. 238 (1944).

4. Judges and counsel acted with malicous intent and discriminatory animus, denying Plaintiff's right to equal treatment, a fair hearing and impartial adjudication.

5. The misconduct continued through the appellate process, where the case was closed prematurely despite Plaintiff's timely petition for review and correction.

6. Judges deprived Plaintff of her constitutional rights and the right to jury trial, and interlucotory appeal.

11. Defendant acted knowingly, intentionally, willfully and maliciously.

12. As a result of defendant's conduct, plaintiff was injured as follows:

Plaintiff Diahann Grasty was injured when an unlawful judgment was entered under an unknown name, damaging her credit.  She was forcibly evicted from her property, her personal belongings were discarded, and her vehicle was wrongfully towed. These actions caused financial loss, emotional distress, reputational harm, and deprivation of property and liberty interests Defendants fraudulent and malicious conduct violated her constitutional and civil rights under 42 U.S.C. sec sec 1983, 1985, and related law.

13. Plaintiff asks that the case be tried by a jury.   ☒ Yes        ☐ No

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[*If you need additional space for ANY section, please attach an additional sheet and reference that section.*]

14.     Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

        **WHEREFORE,** plaintiff asks for the following relief:

A.      Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant;

B.      ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages against the individual defendant; and

C.      Such injunctive, declaratory, or other relief as may be appropriate, including

attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature:    /s/Diahann Grasty

Plaintiff's name *(print clearly or type)*:    Diahann Grasty

Plaintiff's mailing address:    1032 W Montrose Ave Apt 417s

City  Chicago                State  IL          ZIP        60613

Plaintiff's telephone number: (224 )   478-0953                .

Plaintiff's email address *(if you prefer to be contacted by email)*: upsymmetry@gmail.com

15.     Plaintiff has previously filed a case in this district.   ☐ Yes  ☒ No

        *If yes, please list the cases below.*

PLEASE SEE ATTACHED COMPLAINT

*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

5

[*If you need additional space for ANY section, please attach an additional sheet and reference that section.*]